## SCHONDEL v. THE STATE OF INDIANA.

[No. 21,550.    Filed November 29, 1910.]

1. INTOXICATING LIQUORS. — *Unlawful Sales.* — *Statutes.* — *Exceptions.*—*Negativing.*—An indictment for the unlawful sale of liquors without a license is sufficient without negativing the exceptions in the statute (§8351 Burns 1908, Acts 1907 p. 689, §1), such exceptions constituting defenses.   p 736.

2. JURY.—*Selection of.*—*Requiring Defendant to Reject All before Passing to State.*—*Record.*—Where the court required defendant to reject all of the objectionable jurors before passing the jury to the State, giving him the right, however, to reject for cause or peremptorily, any new ones placed in the panel, and the record fails to show that defendant was compelled to accept a juror whom he desired to challenge, or that he would have exercised his right to challenge peremptorily but for such ruling, no prejudicial error is shown.   p. 736.

3. JURY.—*Selection of.*—*Requiring Defendant to Exercise Right of Challenge.*—*Discretion.*—It is discretionary with the trial court to require the defendant, when the jury is passed to him, to challenge all objectionable jurors then on the panel, before passing the jury back to the State.   p. 737.

4. TRIAL.—*Argument to Jury.*—*Misconduct.*—In a prosecution for the unlawful sale of liquors, a statement of the prosecuting attorney, in his argument to the jury, that "this case is entitled 'The State of Indiana v. George Schondel' but it might as well be entitled 'The State of Indiana v. The Diehl Brewing Company, by George Schondel, its next friend,'" and that the Diehl Brewing Company was at the back of the defendant in this prosecution, is not so prejudicial as to work a reversal of the judgment, especially where there was evidence that such company furnished the beer to him as its agent, knowing the purpose for which it was desired.   p. 737.

5. APPEAL.—*Briefs.*—*Points.*—*Waiver.*—*Instructions.*—*Evidence.* — Questions on instructions and excluded evidence, which are not referred to in appellant's brief under the points and authorities therein, are waived.   p. 739.

6. APPEAL.—*Weighing Evidence.—Jury.*—The Supreme Court will not weigh conflicting evidence, the determination thereof being for the jury. p. 739.

7. INTOXICATING LIQUORS.—*Sales in "Dry" Territory.—Orders.—Delivery.—Agency.—Interstate Commerce.*—Where an Ohio brewing company through an agent solicited orders in "dry" territory in Indiana, consigning the car in which the beer was shipped to itself, but marking the cases for the persons ordering them, and its agent delivered the beer, collecting therefor, such sale is unlawful, both on the part of the company and its agent, and no question of interstate commerce is involved. p. 740.

From Dekalb Circuit Court; *Emmet A. Bratton,* Judge.

Prosecution by The State of Indiana against George Schondel. From a judgment of conviction, he appeals. *Affirmed.*

*Sharpless & Atkinson* and *B. F. Enos,* for appellant.

*James Bingham,* Attorney-General, *A. G. Cavins, E. M. White* and *W. H. Thompson,* for the State.

JORDAN, J.—Appellant was indicted by a grand jury of Dekalb county, upon the charge of having violated section one of an act entitled "An act to better regulate the sale of intoxicating" liquors, etc. (Acts 1907 p. 689, §8351 Burns 1908.) The offense, as charged in the indictment, is that appellant, on March 6, 1909, at Dekalb county, Indiana, did unlawfully sell to Herman Newman, for the price of $1, twelve quarts of intoxicating liquor, to wit, beer; he not then and there being licensed so to do. The exceptions made by the provisos of the section in question—"that none of the provisions of this act shall apply to any person, firm or corporation engaged as a wholesale dealer who does not sell in less quantities than five gallons at a time and provided that none of the provisions of this section shall apply to any druggist or pharmacist who is licensed as such by the state board of pharmacy"—were negatived in the indictment.

Appellant unsuccessfully moved to quash the indictment, and upon his plea of not guilty he was tried by a jury and a verdict returned finding him guilty as charged, and assess-

ing against him a fine of $50. His motion for a new trial was denied, and judgment was rendered on the verdict. The alleged errors in this appeal, upon which he predicates his demand for a reversal of the judgment below, arise from the overruling of the motion to quash the indictment and the overruling of the motion for a new trial.

It is first urged that the indictment should have been quashed because it does not sufficiently negative the exceptions embraced in the provisos to which we have referred. It was not necessary to negative any of the exceptions made by the provisos. This identical question was presented in the case of *Yazel* v. *State* (1908), 170 Ind. 535, and decided adversely to appellant's contention.

When the jury was being impaneled in this cause, and after defendant had examined all of the twelve jurors composing the panel and had excused one, he thereupon passed the jury over to the prosecuting attorney. After the latter had fully examined the jurors, he excused one and passed the jury back to defendant. The latter then excused one of the jurors, who was a member of the regular panel, and examined others who had been called by the sheriff to sit upon the jury in the place of those excused. He, by his counsel, then announced to the court that he would pass the jury for the present. The court thereupon required him to pass the jury definitely as to all the jurors then composing the panel, and to determine definitely whether the jury as then composed was satisfactory to him, before he repassed it to the State. This defendant refused to do, but claimed the right further to challenge after the prosecuting attorney had repassed the jury to him. Thereupon the court ruled that it would permit defendant to exercise peremptory challenges or for cause as to persons who might be called to sit upon the jury to replace any juror or jurors who might thereafter be challenged or excused by the prosecuting attorney. To this ruling of the court, requiring defendant to make all the peremptory challenges

before the jury was repassed and turned over to the State's attorney, defendant excepted, and urges it in this appeal as error.

On this point the record presents no reversible error, as it is not disclosed that he was compelled to accept the jury, and go to trial before it with some juror thereon whom he would have peremptorily challenged, but was prevented from doing so by the ruling of the court, of which he complains. It does not appear by the record that he was in any manner deprived of an opportunity to interpose any peremptory challenge in respect to some member of the jury. Under the circumstances, there was no error in the ruling in question. *McDonald* v. *State* (1909), 172 Ind. 393.

Again, upon another view of the question, it may be said that the court had the right, in the exercise of its discretion, after the jury had been passed back by the State to

3.  the defendant for his further consideration, to require defendant either to exercise his right to challenge further or to accept the jury as it was then composed, subject, however, to his right thereafter to challenge any juror who might be called by the sheriff to replace one who had been challenged or excused by the prosecuting attorney. *McDonald* v. *State, supra.*

During the argument to the jury by the prosecuting attorney, that official said: "This case is entitled 'The State of Indiana v. George Schondel,' but it might as well

4.  be entitled 'The State of Indiana v. Diehl Brewing Company, by George Schondel, its next friend,'" and that the Diehl Brewing Company was at the back of the defendant in this prosecution. To these statements made by the prosecuting attorney to the jury appellant objected, but his objection was overruled. Upon this ruling he seeks to predicate reversible error. Possibly it may be said that these statements of the State's attorney related merely to a collateral matter which did not have any bearing upon the

guilt of appellant. Nevertheless there is evidence in the case to show that the beer which appellant is charged with having unlawfully sold was brewed by the Diehl Brewing Company, and shipped by the latter to the town of Garrett, in Dekalb county, Indiana. The brewery is situated at the city of Defiance, Ohio, at which place the company conducts its business. As shown by the evidence, appellant had been the agent of this company in delivering its beer to persons at said town of Garrett before Dekalb county became anti-saloon territory, by virtue of remonstrances filed against the liquor traffic under the Moore law. After Dekalb county became dry territory appellant continued to act, as he stated at the trial upon the witness-stand, as the agent of the company in gathering up and returning its empty bottles, which had contained beer shipped by the company to consumers in the town of Garrett and other points in said county. He appears to have solicited orders from persons for beer to be shipped to them by said brewing company. The brewing company at the trial had present one of its principal officers, who testified in behalf of appellant. Under the evidence, it was the theory of the State upon the trial that appellant, in delivering the beer in question to the prosecuting witness, and in collecting from him the money therefor, was acting as the agent of the Diehl Brewing Company. There is evidence tending to sustain this theory. The State was warranted in placing a construction upon the evidence and circumstances, and thereunder claiming that the Diehl Brewing Company was interested in the case and was standing by appellant, its agent, or back of him in this prosecution.

Were it conceded that the attorney for the State, in making the statements of which appellant complains, transgressed the bounds of legal argument, still the statements cannot be said to be of such importance as to afford appellant ground for reversible error, for as said in the case of *Combs* v. *State* (1881), 75 Ind. 215: "If every immaterial assertion or statement which creeps into an argument were

to be held ground for reversal, courts would be so much occupied in criticising the addresses of advocates as to have little time for anything else. A common fairness requires that courts should ascribe to jurors ordinary intelligence, and not disregard their verdicts because counsel during their argument may have made some general statements not supported by the evidence. Of course, there may be cases where the matters stated are so weighty and important as to do the accused injury, and, whenever·this is so, the appellate court should not hesitate to adjudge a reversal.'' It was said in the case of *Morrison* v. *State* (1881), 76 Ind. 335, that ''if, for every transgression of the prosecuting attorney beyond the bounds of logical or strictly legal argument, the defendant could claim a new trial, few verdicts could stand, and the administration of criminal justice would become impracticable.'' It follows that the court did not err in overruling appellant's objections to the argument in question.

The trial court appears to have given a series of instructions to the jury. Counsel for appellant claim that instruction nine, given by the court on its own motion, is 5. erroneous, but this cannot be considered, for the reason that no reference is made to it by appellant in the points made in his brief, as required by the fifth subdivision of rule twenty-two of this court. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438; *Knapp* v. *State* (1907), 168 Ind. 153; *Baltimore, etc., R. Co.* v. *Evans* (1907), 169 Ind. 410; *Town of Windfall City* v. *First National Bank* (1909), 172 Ind. 679. Other questions argued by appellant's counsel, which relate to objections sustained to questions propounded to witness or witnesses, must be dismissed without consideration, for the reason that they are outside of the points contained in the brief.

It is finally insisted that the verdict of the jury is not sustained by sufficient evidence and is contrary to 6. law. The proposition is well settled that on the trial of a cause it is the province of the jury, or the court

acting in the place of a jury, to make all reasonable and fair inferences which may be properly deduced from facts proved. In order to warrant us in disturbing a judgment of the trial court upon the evidence alone, the latter must be of such a character as to raise a question of law and not merely one of fact. *Mead* v. *Burk* (1901), 156 Ind. 577, and cases cited; *Williams* v. *State* (1905), 165 Ind. 472, and cases cited; *Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290.

In reviewing the evidence in a case on appeal, this court only gives consideration to that which is most favorable to the party prevailing in the lower court. There is evidence going to show that appellant, before Dekalb county became "dry territory," served at the town of Garrett as the agent of said Diehl Brewing Company. The brewery of this company is situated at Defiance, Ohio, at which place the business of the company is conducted. Before the county became "dry" the company sold and shipped beer to persons operating saloons at Garrett and other points in Dekalb county. Appellant admitted at the trial, while testifying as a witness on his own behalf, that after the county became "dry" he still continued to act as the agent of the brewing company, only, as he claimed, for the purpose of gathering up its empty beer bottles and shipping them back to the company at Defiance, Ohio, for which services, as he stated, the company paid him $60 per month.

On January 23, 1909, he went to the home of Herman Newman, the prosecuting witness, who resided in the town of Garrett, and solicited from Mrs. Newman, wife of Herman Newman, an order to the Diehl Brewing Company for a certain number of cases of beer. He had with him at the time blank orders for beer, with which it appears he had been supplied by the Diehl Brewing Company. He requested Mrs. Newman to sign the order. After she signed it he placed it in an envelope and mailed it at the post-office

at Garrett, Indiana, addressed to the Diehl Brewing Company at Defiance, Ohio. This order reads as follows:

"No. 815                                                  January 23, 1909.
To the Christ Diehl Brewing Company,
    Defiance, Ohio.
    Gentlemen: You will please enter my order for and deliver to me as needed the following goods: [Here the number of cases of beer is set out.]
                                Yours very truly,
                                        Mrs. H. Newman."

Beneath her name on the order appears the following:

"Order taken by George Schondel, salesman."

There were six cases of beer shipped to Newman, and about 250 cases in all shipped by the company in the same carload to other persons. The beer was all consigned by the brewing company to itself at Garrett, Indiana, but the cases intended for the different persons were labeled in their names. The orders sent to the brewing company, after being approved by it, were sent to appellant, and he kept them on file until the beer shipped to various persons was consumed. Herman Newman testified that he received some beer from the Diehl Brewing Company on March 30; that he had not made out the order for the beer, but that it was made out by his wife; that prior to March 6, 1909, he had not signed any order or directed appellant to deliver to him any beer; that he was to pay $1 for twelve bottles of beer, and did pay appellant $1 for the beer which he delivered to him on March 6. Appellant testified that he did not know whether the brewing company had accepted the order which he had sent in for Mrs. Newman until the company had shipped him, as he stated, the carload of beer; that he delivered twelve bottles of this beer to Herman Newman on or about March 6, and that Newman paid him for all his beer $3 and $4 at a time, and that after he collected the money he sent it to the Diehl Brewing Company; that he took possession of the beer after it had been shipped and consigned to the brewing com-

pany, and, at the request of Newman, he placed it in cold storage and delivered it to Newman in amounts and at times as requested. Mrs. Newman testified that she telephoned an order to appellant whenever she wanted any beer, and he would bring the amount desired. Appellant testified that the order which he procured from Mrs. Newman was returned to him by the brewing company from three to four days after it had been sent in, and that he placed it on file in his office and kept a record of the order. Appellant admitted that he had no order from Newman to take possession of the beer shipped over the railroad until after March 6, 1909, and that he did not have any order from Newman to the railroad company for the beer which he delivered to him on March 6. All shipments made by the Diehl Brewing Company to consumers came in cases marked to them, and all came together in a carload, which had been shipped by the company to retailers and others.

In addition to what we have set out there are other circumstances and evidence in the case tending to show that appellant sold and delivered the beer for the price stated to Herman Newman at the town of Garrett, Dekalb county, Indiana, on or about the date charged in the indictment. It does not appear that any beer was shipped to Mrs. Newman by the brewing company in pursuance of the order which she sent. In fact, appellant, upon cross-examination on the witness-stand, virtually admitted that the beer in question was not sold upon the order signed by Mrs. Newman; that it was not consigned to Mr. Newman, and that he (appellant) neither had nor was it necessary for him to have any order from Mr. Newman to the railroad company to deliver the beer over to him (appellant). The order signed by Mrs. Newman, as shown, was dated January 23, 1909, but she claimed upon the witness-stand that it was signed sometime in March of that year. Mr. Newman stated that he had given an order to the railroad company in respect to the beer, after appellant had been indicted in this case.

Certainly the evidence in the case is sufficient to sustain the verdict. It is immaterial whether appellant made the sale at Garrett as the agent of the brewing company or on his own account. Upon either view he would be guilty of selling intoxicating liquors as an unlicensed dealer. If he consummated the sale of the beer at the town of Garrett, as the agent of the Diehl Brewing Company, by actually delivering the beer in question to Herman Newman, the prosecuting witness, then he would be guilty of the offense charged against him by the indictment. *Berger* v. *State* (1887), 50 Ark. 20. Under the facts in this case no question of interstate commerce is involved.

No available error being presented, the judgment is therefore affirmed.