STATE OF INDIANA *v.* CLARENCE BROWN.

[No. 375S65. Filed March 21, 1975.]

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellant.

*Harriette Bailey Conn,* Public Defender of Indiana, for appellee.

PRENTICE, J.—We have before us the following, all filed on March 13, 1975:

(1) State's petition to stay enforcement of trial court's order for a new trial.

(2) Appellee's motion to strike said petition to stay.

(3) State's petition for extension of time within which to file the record of proceedings.

(4) Appellee's objections to said petition for an extension of time and motion for an order prohibiting the filing of a trial transcript not a part of the record in the court below.

Appellee was the plaintiff below and was successful in his Post-Conviction Relief Rule 1 proceedings, wherein the trial judge set aside his conviction and granted a new trial. The State filed a motion to correct errors, which was overruled on December 13, 1974 and set the cause for trial on March 17, 1975. On December 13, 1974 the State also made a motion to the trial court to stay the execution of its order for a new trial, which motion was immediately denied.

From the foregoing enumerated pleadings filed herein and the arguments and stipulations of counsel, it has been determined that the record of the original trial proceedings was not introduced into evidence or otherwise made a part of the record in the post-conviction pro-

ceedings but that a determination of the issues sought to be presented by the intended appeal are dependent upon said record. It, therefore appears that the State does not have a meritorious appeal, and that an injustice would be worked upon the appellee by a grant of said petition.

With reference to the State's petition for an extension of time, the time sought to be extended expired on March 13, 1975, the date upon which said petition for an extension was filed. Appellate Procedure Rule 14 requires petitions for extension of time, except in appeals from interlocutory orders, to be filed at least five days before the expiration of the time to be extended, unless it is made to appear by affidavit that the facts which are the basis of the petition did not then exist or were not then known to the applicant or his counsel. Although said petition for an extension of time has been verified by counsel, no such allegation is contained therein, nor has such a showing been otherwise made.

In view of the foregoing:

(1) The State's petition for a stay should be denied, and it is so ordered.

(2) The State's petition for an extension of time should be denied as not timely filed, and it is so ordered.

Givan, C.J., and Arterburn, DeBruler and Hunter, JJ., concur.

NOTE.—Reported at 324 N.E.2d 266.