MILFORD J. CLARK *v.* STATE OF INDIANA.

[No. 975S236. Filed July 15, 1976.]

*Art R. Teirumniks,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

HUNTER, J.—Appellant was charged by affidavit in two counts: (1) commission of a felony (robbery) while armed, and (2) infliction of physical injury in the commission of a felony (robbery). Jury trial resulted in a verdict of guilty on both counts. Appellant was sentenced to ten years' imprisonment on Count 1 and life imprisonment on Count 2.

The facts relating to the crimes for which appellant stands convicted are set forth in *Lund* v. *State,* (1976) 264 Ind. 428, 345 N.E.2d 826. As in *Lund,* appellant here argues that the evidence was insufficient to sustain a finding of guilt on either charge because there was no evidence that any item of value was taken from Perry Murphy (Murphree) as charged in the information. As noted in

*Lund,* the evidence clearly disclosed an attempted robbery of Murphy and the infliction of injury during the course of the attempted robbery. Since the relevant statutes proscribe both the completed offense and the attempt, and provide like penalties, we find the variance between the charging affidavits and the proof at trial to be immaterial and hold there was sufficient evidence to sustain the verdict.

Appellant also argues that the verdict is contrary to law in that the state failed to prove him guilty beyond a reasonable doubt. Specifically appellant refers us to numerous inconsistencies in the testimony adduced at trial and asks us to ponder these inconsistencies in conjunction with the testimony of appellant's "unimpeachable" alibi witness. Were we the jury, we would be duty bound to accept appellant's challenge to resolve these thorny questions of factual disputes and credibility. But we do not sit as a jury, and we are duty bound to abide by the jury's determination of these matters whenever there exists any substantial evidence of probative value from which the jury could have inferred an appellant's guilt beyond a reasonable doubt. Here the jury had before it ample evidence from which it could find beyond a reasonable doubt that appellant attempted a robbery of Perry Murphy while armed with a shotgun and that he inflicted a wound to Perry Murphy's groin in the course of the attempted robbery.

For all the foregoing reasons, the judgment of the trial court is affirmed.

Givan, C.J., Arterburn, DeBruler and Prentice, JJ., concur.

Note.—Reported at 350 N.E.2d 628.