GERALD COCHRAN *v*. STATE OF INDIANA.

[No. 977S633. Filed August 7, 1978.]

*Christopher C. Zoeller,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth R. Stamm,* Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellant Cochran was charged with first-degree murder and tried by a jury in the Marion Criminal Court. On January 18, 1977, the jury found him guilty of second-degree murder and further recommended that he be imprisoned for life. Appellant was accordingly sentenced to life imprisonment by the court.

Appellant raises three issues for review. These issues concern: (1) whether the trial court erred in seating a juror; (2) whether the trial court erred by allowing into evidence statements of appellant that allegedly were not provided to defense counsel by the state during discovery, and; (3) whether the trial court erred in allowing the jury to fix the penalty on a finding of guilty of second-degree murder.

I.

The appellant first contends that the trial court erred when it seated the juror, Mr. Charles Treon, over the appellant's objection. The record does not either contain the voir dire examination of the jury, or defense counsel's objections made at the time. There is no explanation made as to why the record of these proceedings is missing. We can only speculate that either such proceedings were not recorded in the first place, or that they were omitted from the record by the court reporter. At any rate, it is the obligation of the parties to see to it that the record on which their specifications of error are based is before the court. *State* v. *Brown,* (1975) 263 Ind. 77, 324 N.E.2d 266; *State* v. *Irwin,* (1973) 259 Ind. 610, 291 N.E.2d 70. Appellant also had an opportunity at the trial level to preserve his issues for the record if, at that time, no record was being made of the proceedings. There is no allegation by the appellant that the court improperly kept the record, or that he was prejudiced in any way by the manner in which the

record was prepared and certified to this court. Appellant refers to a colloquy in the transcript between his trial counsel and the trial judge, wherein there is a discussion about appellant's objection to the court's refusal to permit him to make an additional peremptory challenge. This discussion generally refers to the number of times each party had to pass the jury before completing their peremptory challenges. It also refers to a rule of court involving the manner in which peremptory challenges were to be made, and the propriety of the court's ruling in view of said rule. The briefs do not tell us what the rule is, or what transpired during voir dire. We are thus unable to make a determination as to whether or not the court properly applied the rule.

A trial court, in the exercise of its discretion, may to some extent direct the manner of conducting the impanelling of juries, and the manner of exercising the right of peremptory challenges. Reasonable limitations on such right may be fixed so long as the right of challenge is not taken away, and reasonable opportunity is given to challenge. *Lund* v. *State*, (1976) 264 Ind. 428, 345 N.E.2d 826; *Schondel* v. *State*, (1910) 174 Ind. 734, 93 N.E. 67; *McDonald* v. *State*, (1909) 172 Ind. 393, 88 N.E. 673; *Veach* v. *McDowell*, (1962) 133 Ind. App. 628, 184 N.E.2d 149. Since we have no record from which we can decide this issue, we must find that it is waived. *Pulliam* v. *State*, (1976) 264 Ind. 381, 345 N.E.2d 229; *Dorsey* v. *State*, (1977) Ind. App., 357 N.E.2d 280.

## II.

The appellant next contends that the trial court erred by allowing into evidence certain inculpatory statements he had given to the police, and which he was not provided with by the state during discovery. This question was not raised during the trial at the time that the evidence was presented. Appellant first raised the issue before the trial judge at the close of the state's evidence. He stated to the trial judge

that in reviewing the evidence that had been presented to the jury in the state's case-in-chief, he recognized that there were things stated by two of the officers, who had arrived at the scene shortly after the occurrence of this crime, that were not contained in the summaries of the evidence to be given by these officers which were furnished by the state during discovery. The testimony involved statements made by the appellant to the officers at the scene. On the basis of this revelation the appellant at that time moved for a mistrial.

There was a lengthy discussion held in regard to the motion for mistrial between counsel for both parties and the trial judge, in which the following facts were revealed. The state had furnished appellant with all statements and summaries of proposed evidence as required under the discovery order. The state had offered to show its entire file to defense counsel at any time that he wished to examine it. The summaries included the statements made by the officers during their testimony. However, during their in-court testimony, there were some points where the officers quoted the appellant in which Cochran had used strong language and made threatening statements. Appellant contends that the manner in which the officers testified in making these direct quotes was more stark than the summaries would appear, and was therefore more prejudicial to him. The transcript reveals that in the discussion all parties agreed that there was substantial compliance with the discovery order, and that any variance between the officers' testimony and the evidence summaries was not deliberate or purposeful on the part of the state. The testimony given by the officers was oral recollections of the events as they occurred and was not memorialized by written statements. The court denied the motion for mistrial, finding that it did not present issues so prejudicial to the appellant that a granting of said motion was merited.

As stated above, the defense did not, at the time of the offering of the testimony, make any motion for a continuance

or for compliance with the rules of discovery so that the court could take remedial action at that time.

It is well-settled that alternative sanctions available to the trial judge at this point are discretionary with the court. Therefore, reversible error would be presented only if that discretion were abused. In *Lund* v. *State,* (1976) 264 Ind. 428, 345 N.E.2d 826, 829, this court held in pertinent part that:

> "The sanctions for failure to comply with a discovery order are discretionary, not mandatory. Indiana Rules of Trial Procedure 37. There is no indication that the failure to list this witness was an act of bad faith or deliberate suppression which would warrant a discharge. *Moore* v. *Illinois,* (1972) 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706; *Evans* v. *Janing,* (8th Cir. 1973) 489 F.2d 470. Nor has the defendant shown that he was harmed by the judge's ruling on this matter."

The court did not abuse its discretion in overruling the motion for mistrial in this case.

### III.

Finally, appellant urges that the trial court, through its instructions, did not provide adequate guidelines for the jury to choose between the life sentence and a lesser sentence of fifteen to twenty-five years in prison for the crime of second-degree murder. We have previously dealt with this issue and have found it to be without merit. *Wilson* v. *State,* (1978) 268 Ind. 112, 374 N.E.2d 45.

The trial court is affirmed.

All Justices concur.

NOTE.—Reported at 378 N.E.2d 868.