Paul **MILLER, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 979S246.

Supreme Court of Indiana.

June 11, 1980.

John C. Wood, Deputy Public Defender, Kokomo, for appellant.

Theodore L. Sendak, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Paul Miller, was convicted by a jury of burglary, a class B felony, Ind.

Code § 35–43–2–1 (Burns 1979 Repl.); rape, Ind. Code § 35–42–4–1 (Burns 1979 Repl.); and being an habitual offender, Ind. Code § 35–50–2–8 (Burns 1979 Repl.). He was sentenced to terms of twenty years, twenty years, and thirty years respectively, the terms to be served consecutively and not concurrently. He now appeals raising the following issues:

1. Whether the trial court erred in not ordering the state to supply certain discovery information and documents and in overruling defendant's motion in limine to exclude all evidence except that of the victim;

2. Whether the trial court abused its discretion in allowing the state to file belatedly its response to the defendant's notice of alibi and present evidence that defendant was elsewhere than the place stated in his alibi notice; and

3. Whether defense counsel was adequate and the defendant was properly informed when he elected to participate in his own defense.

I.

Defendant first contends that the trial court erred in not ordering the state to supply certain discovery information and documents as requested in defendant's motion for discovery and production and in overruling defendant's motion to exclude all evidence at trial except that of the victim.

Defendant did not file his discovery motion until March 5, 1979, some six and one-half months after he first appeared, and fifteen days before trial. No court order issued and defendant did nothing until after the state had complied with the motion on March 19, 1979, the day before trial. On March 20, 1979, after the jury had been selected and sworn, after opening arguments were made and the first witness was on the stand, defendant filed his motion in limine stating that the state's failure to answer sooner his discovery motion rendered inadmissible all evidence except that given by the victim.

Defendant admitted that he had examined the state's file, but asserted that the file did not contain a scale drawing of the victim's home, a certain photograph (which was never put in evidence), or a shirt and pair of trousers defendant had worn at the time of his arrest. In the state's response the day before trial, defendant was told that said physical evidence was available for inspection whenever requested by defendant's counsel. Defense counsel was aware of the existence of this evidence but did not ask to see it and also made it clear that he did not want a continuance.

The purpose of discovery is to inform defense counsel so that he is not compelled to maneuver in a factual vacuum. *Johns v. State*, (1968) 251 Ind. 172, 240 N.E.2d 60. However, it is clear that defendant was not factually uninformed. He did not allege nor does it appear from the record that the state attempted to conceal any evidence, mislead or thwart the defendant in any way. Defendant apparently deposed two state witnesses, the victim and Detective Sergeant Norris Jones and never alleged that he was prevented from deposing any witness by the state's slow response to his motion. In fact, defendant called all but two of the state's witnesses as part of his case in chief.

If defendant felt that any delay in responding to his motion was prejudicial to his defense, it was incumbent upon him to request appropriate action; his failure to do so was a waiver. *Cf. Murphy v. State*, (1976) 265 Ind. 116, 352 N.E.2d 479. It is well settled that "appropriate action" would have been to request a continuance; *Lund v. State*, (1976) 264 Ind. 428, 345 N.E.2d 826; *Luckett v. State*, (1972) 259 Ind. 174, 284 N.E.2d 738; and defendant expressly disavowed any interest in a continuance.

Defendant has not cited a single case with a factual situation analogous to that presented by the instant case. Although it may indeed be appropriate for the court to impose sanctions in cases in which the state blatantly disregards the court's discovery order which results in the denial of a fair trial to defendant, it is also clear

that in the instant case the state had complied with defendant's discovery motion before the court issued an order. Moreover, the sanctions for failure to comply with a discovery order are discretionary, not mandatory, *Popplewell v. State*, (1978) Ind., 381 N.E.2d 79. A sanction is not to be regarded as a bonus awarded without regard to its need in the furtherance of fair trial rights. *Id.* In the absence of an order or any need therefor and in the absence of surprise or prejudice to defendant, he is not entitled to relief on this issue.

## II.

Defendant next alleges that there was no good cause for the court to allow the state to file belatedly its response to the defendant's notice of alibi and present evidence that defendant was elsewhere than the place stated in his alibi notice.

■ The defendant's amended notice of alibi defense was filed on March 7, 1979, nearly six and one-half months after he was aware of the charges. The state was required by statute to file its reply not later than eight days before trial which would have been March 12, 1979. Ind. Code § 35–5–1–2 (Burns 1979 Repl.). Where the state shows good cause for its failure to reply by the statutory deadline the court may allow it to present evidence that a defendant was elsewhere than the place stated in his alibi notice. Ind. Code § 35–5–1–3 (Burns 1979 Repl.). In the instant case the state filed its reply on March 19, 1979, one day before trial, along with a detailed statement of reasons for not timely filing the reply. The trial court ruled that the explanation given by the state in its statement and the hearing on defendant's motions constituted good cause. Defendant has not explained why the state's explanation does not constitute good cause, he merely asserts that it does not. We note that defendant had and in fact exercised access to the state's file which contained all police reports setting forth the precise time and location of the offenses and further that defendant offered no alibi evidence at trial.

■ The admission of state evidence placing the defendant at the scene of the crime is a matter of trial court discretion and will be reversed only upon a showing that such discretion has been manifestly abused and that the defendant has been denied a fair trial. *Hartman v. State*, (1978) Ind.App., 376 N.E.2d 100, 104.

■ We hold that the state met its statutory burden to show sufficient cause to put aside the statutory requirements and that defendant has neither alleged nor shown a manifest abuse of discretion or that he was denied a fair trial. Therefore, the trial court was acting within its discretion in overruling defendant's motions to strike the state's statement of reason to timely file reply and to exclude evidence that defendant was elsewhere than the place stated in his alibi notice.

■ In addition, this Court notes that the state's failure to swear to the facts contained in its statement of reason does not, as defendant has suggested, invalidate that statement: the statute does not require a statement made under oath. Ind. Code § 35–5–1–3 (Burns 1979 Repl.). *Cf. Maxey v. State*, (1976) 265 Ind. 244, 353 N.E.2d 457, where grant of state's unverified motion to dismiss was not an abuse of discretion because statute does not require proof of the validity of the statements in the motion. Nor does any reason appear in support of defendant's assertion that the statement is hearsay.

In any case, defendant has waived this alleged error by his failure to make a cogent argument supported by authorities in his brief on appeal. *Kennedy v. State*, (1979) Ind., 393 N.E.2d 139.

## III.

Defendant next alleges that he was not adequately represented by counsel during his trial, nor during the hearing of the habitual criminal charge. He argues that he was given mere perfunctory assistance and that the trial court should have advised him of the consequences of his participation in the trial and hearing.

There is no merit to these contentions, unsupported as they are by anything in the record or defendant's brief. Defendant desired to participate in the trial and his appointed attorney filed a notice of defendant's participation. However, his attorney also rendered active and effective assistance throughout the trial and hearing. The record reveals that he, among other things, filed numerous motions and notices. He conducted direct examination of witnesses at a bond reduction hearing, argued two motions in limine, made the opening statement, conducted cross-examination of some witnesses, and interposed numerous objections. Thus defendant's argument of mere perfunctory assistance is devoid of merit.

 It has long been established that there is a presumption that counsel is competent and that strong and convincing evidence is required to rebut the presumption. *Roberts v. State*, (1977) 266 Ind. 72, 360 N.E.2d 825; *Blackburn v. State*, (1973) 260 Ind. 5, 291 N.E.2d 686.

In the instant case, defendant cites no specific instance of attorney error or inadequacy. He makes no claim to have available any evidence or argument in his defense or to rebut the state's witnesses which his counsel failed to present. In short, he offers no proof, either weak or "strong and convincing," to overcome the presumption that his counsel fully discharged his duty.

Defendant has neither alleged nor shown how he has been harmed and his mere assertion of inadequate counsel, without more, can scarcely be said to offend this Court's "mockery of justice adequacy standard" as set forth in *Crisp v. State*, (1979) Ind., 394 N.E.2d 115, and *Cottingham v. State*, (1978) Ind., 379 N.E.2d 984.

The major part of defendant's argument concerns an alleged error which was not mentioned in the motion to correct errors, namely that the trial court or defense attorney should have advised defendant of the risk of his participation in the trial. Defendant contends that such advice should have been given at the time of the filing of the notice of defendant's participation or when it became apparent to the court that defendant's counsel was rendering only perfunctory assistance.

There is absolutely no indication in the record as to what advice defendant received from his attorney and at no time did defendant complain about legal surprises, ignorance or anything else germane to this issue. It is also clear that defendant's attorney was present throughout the proceedings and rendered far more than perfunctory assistance.

The cases cited by defendant also do not support his argument. They are not relevant or applicable because they involve different issues: the constitutional right to counsel and the validity of defendant's waiver of that right. At no time in the instant case did defendant waive his right to counsel and choose to proceed *pro se.* Cases in which the defendant had no counsel cannot be compared to this case in which defendant was at all times represented by adequate counsel. There was no error here.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.