**Lester D. ADAMS, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 3-682A117.**

Court of Appeals of Indiana,
Third District.

Dec. 15, 1982.

Nathaniel Ruff, East Chicago, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Cynthia Sue Stanley, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

The appellant Lester Adams was charged with committing criminal confinement, a Class D felony. *See* IC 35–42–3–3. He was tried by jury and was convicted. The sole contention made in this appeal is that the court committed reversible error in "holding that the state did not have to produce as discovery pursuant to the court's discovery order, the notes written by the complaining witness."

Prior to trial the court entered a discovery order "reciprocally under the terms

of the Keller decision." *See State ex rel. Keller v. Crim. Ct. of Marion Co.* (1974), 262 Ind. 420, 317 N.E.2d 433. Pursuant thereto the state produced several records and statements including an eleven page typed statement given by the prosecuting witness and a one page supplement thereto. At trial during the direct examination of the prosecuting witness it appeared that some time shortly after the incident in question she had written down her recollection of what had transpired in order that she could later be able to refresh her recollection as to all of the details of the occurrence. This document, or series of notations, was not introduced into evidence at the trial. It had not been produced for inspection by the defense prior to trial.[1]

When the revelation occurred defense counsel moved for a mistrial asserting the state's violation of the discovery order. There was, however, no request for a continuance and the defense was, in fact, given the opportunity to examine the notes before the trial continued. Adams contends it was error to deny his motion for mistrial.

■ Initially, we feel compelled to venture an observation. The discovery order entered by the trial court in this case was merely that the court ordered discovery "reciprocally under the Keller decision." We recognize the value to court and counsel of utilizing the name of a case as a shorthand reference to a particular procedure or rule of law. Nevertheless we disapprove of carrying that practice into orders entered by the court. Such orders should describe with particularity the requirements imposed upon the parties. Then in the event of non-compliance or questionable application, both the trial court and this court, as well as the parties, have before them the precise directions of the order.[2] *Cf. Reid v. State* (1978), 267 Ind. 555, 372 N.E.2d 1149.

We need not discuss Adams' assertions that the notes made by the witness were properly subject to discovery. Assuming *arguendo* that they were, the reviewable issue is whether the court erred in denying a mistrial. It did not.

■ It is well established that where the state in a criminal proceeding fails to fully comply with a discovery order the trial court is afforded discretion in determining what corrective measures are required. Absent a showing of clear error the decision will not be overturned. *Reid v. State* (1978), 267 Ind. 555, 372 N.E.2d 1149. Ordinarily, it is deemed sufficient to grant a defendant a continuance if he requests one, and the failure to make such a request may constitute a waiver of any error. *Miller v. State* (1980), Ind., 405 N.E.2d 909; *Lund v. State* (1976), 264 Ind. 428, 345 N.E.2d 826.

■ In Adams' case no continuance was requested. The notes in question were not introduced in evidence. Adams was given the opportunity to review them at a recess called after the question came up. He had been previously furnished a copy of the witness' statements to the police and there is no assertion of any variance in the witness' testimony. There was clearly no error in refusing a mistrial.

Affirmed.

HOFFMAN, P.J., and STATON, J., concur.

---

1. It appears from the record that the prosecutor's office was aware of the existence of the document at least thirty days prior to trial and that mention had been made of it in conversation to defense counsel.

2. It is worth noting that in this case the court commented it had not intended the order to cover personal notations made by the victim.

We assume, without deciding, that the notations were subject to discovery at least after a copy came into the possession of the prosecuting attorney. From the record it does not appear that these notes were protected work product. *See Spears v. State* (1980), Ind., 403 N.E.2d 828.