## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 03 2015, 6:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Chris Palmer
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Howard Wilder,
*Appellant-Defendant*,

v.

State of Indiana,
*Appellee-Plaintiff*.

December 3, 2015

Court of Appeals Case No. 49A04-1503-CR-125

Appeal from the Marion Superior Court

The Honorable Mark D. Stoner, Judge

The Honorable Jeffrey L. Marchal, Judge Pro Tempore

Trial Court Cause No. 49G06-1412-F3-54217

**Brown, Judge.**

[1] Howard Wilder appeals his conviction for armed robbery as a level 3 felony. He raises one issue which we revise and restate as whether the State presented sufficient evidence to sustain his conviction. We affirm and remand.

### Facts and Procedural History

[2] At approximately 8:30 a.m. on December 6, 2014, Davon Jackson, who worked at the Dollar General Store on North High School Road in Indianapolis, noticed Wilder engaging in what she considered odd behavior while she was restocking shelves in the health and beauty section of the store. Jackson observed Wilder, who was wearing a white t-shirt, blue jeans, and a blue zipped-up hooded sweatshirt, pick up several bottles of lotion from the shelves, and, as he walked into the aisle where Jackson was working, she noticed the outline of several items under his t-shirt.

[3] Jackson approached Wilder and requested that he give back the merchandise from under his shirt. At that point, he did not respond to her request, and she called for another employee to assist her. The other employee did not come to her assistance, and Wilder moved towards Jackson while she backed up. He continued to move towards her and he raised his t-shirt, resulting in the product under his shirt falling to the floor. While Wilder was still moving towards Jackson, he said "[w]hat, [b]itch," pulled a handgun from his sweatshirt, cocked it, and struck Jackson in the face with the gun. Transcript at 8. Jackson stumbled backwards into a display table, Wilder walked past her, and he left the store without taking any merchandise with him.

[4] After Wilder left the store, Jackson called 911, and Indianapolis Metropolitan Police Officer Christopher Carmack was dispatched to the scene. As a result of the blow to her face, Jackson sustained a cut under her eye but refused medical treatment for the injury. Officer Carmack drove his patrol car around the store in search of someone matching Wilder's description, noticed Wilder, confirmed his description, and ordered him to stop. Wilder was placed under arrest and told the officers he had been at his brother's home, which was located behind the store. No gun was found in a search following the incident. Jackson was driven to the area where Wilder was arrested, and she identified him as the perpetrator.

[5] On December 8, 2014, the State charged Wilder with Count I, robbery resulting in bodily injury as a level 3 felony; Count II, armed robbery as a level 3 felony; Count III, battery by means of a deadly weapon as a level 5 felony; and Count IV, carrying a handgun without a license as a Class A misdemeanor.

[6] Wilder waived his right to trial by jury and the court held a bench trial on February 12, 2015. At trial, Wilder orally moved for judgment on the evidence as to Counts I and II, arguing that the State had not "established a nexus between the taking and the use or threat of force," which the court denied. *Id.* at 35. During closing argument, Wilder's counsel argued that he was "shoplifting" and that his actions in the store amounted to "taking of the items, a confrontation, a relinquishing of the items, then him attempting to get out of the store . . . ." *Id.* at 37. The court then found that the State had met its burden of proof and found Wilder guilty of Counts I, II, III, and IV.

On March 5, 2015, the court held a sentencing hearing and entered judgments of conviction on only Counts II, armed robbery, and IV, carrying a handgun without a license due to double jeopardy concerns. The court sentenced Wilder on Count II to a term of twelve years with six years executed in the Department of Correction and six years suspended to probation, and to a concurrent one year executed sentence on Count IV.

## *Discussion*

The issue is whether the evidence is sufficient to sustain Wilder's conviction for armed robbery. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh the evidence. *Id.* We consider conflicting evidence most favorably to the trial court's ruling. *Id.* We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000)). It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

Wilder argues that he left the store without any merchandise, that there was an "insufficient nexus between Wilder's use of force and his attempt to steal merchandise from the store," and that his actions showed that his intent was "to steal the items by concealment, not by use of force or threat of force."

Appellant's Brief at 9. He maintains that he "abandoned" the merchandise when approached by Jackson, that his use of force came as he was attempting to leave the store and not before or during the taking, and that the possession of a gun while he was "shoplifting bottles of lotion" does not establish that he had the intent to accomplish the theft by force. *Id.* He posits that, at most, he would be "guilty of attempted theft" and "perhaps an additional offense for hitting Jackson with the gun." *Id.* at 10.

[10] The State's position is that "as soon as Wilder threatened force and placed Jackson in fear while carrying the stolen merchandise, he committed robbery." Appellee's Brief at 6. It further maintains that his use of the handgun was a part of the act of robbery, and that "Wilder's actions were so closely linked in time and circumstance that they cannot be separated." *Id.* The State also contends that, contrary to Wilder's claim that he abandoned the merchandise before striking Jackson, his actions were "not unequivocally an act of abandonment, but [they] [were] part of an overall act of threatening violence and intimidation of Jackson." *Id.* at 7. In the alternative, the State argues that should this Court determine that the evidence presented is insufficient to support an armed robbery conviction, the evidence is sufficient to support the lesser-included crime of attempted armed robbery. The State observes that Wilder's entry into the store "with the intent to steal" while "armed with a deadly weapon is indicative [] that he was aware of the high probability that he may commit robbery" and is a substantial step toward accomplishment of that purpose. *Id.* at 9.

[11]   Ind. Code § 35-42-5-1 governs the offense of armed robbery and provides:

> A person who knowingly or intentionally takes property from another person or from the presence of another person:
>
>> (1) by using or threatening the use of force on any person; or
>>
>> (2) by putting any person in fear;
>
> commits robbery, a Level 5 felony. However, the offense is a Level 3 felony if it is committed while armed with a deadly weapon or results in bodily injury to any person other than a defendant . . . .

[12]   An attempt crime is governed by Ind. Code § 35-41-5-1(a), which provides that "[a] person attempts to commit a crime when, acting with the culpability required for commission of the crime, the person engages in conduct that constitutes a substantial step toward commission of the crime," and further provides that "[a]n attempt to commit a crime is a felony or misdemeanor of the same level or class as the crime attempted." Attempted armed robbery is an included offense of armed robbery. *See* Ind. Code § 35-31.5-2-168(2) (providing that an included offense is one that "consists of an attempt to commit the offense charged or an offense otherwise included therein"). A "substantial step" toward the commission of a crime, for purposes of the crime of attempt, is any overt act beyond mere preparation and in furtherance of intent to commit an offense. *Hughes v. State*, 600 N.E.2d 130, 131 (Ind. Ct. App. 1992).

[13] The evidence presented at trial shows that Wilder entered the store while armed with a handgun and placed bottles of lotion under his shirt. When questioned by Jackson, he initially did not respond to her request to return the merchandise, moved towards her, lifted his t-shirt, resulting in the fall of the merchandise, pulled a gun from his person, and struck Jackson with the gun. We conclude that Wilder's actions while in the Dollar General constituted a substantial step toward the commission of armed robbery.

[14] To the extent Wilder argues on appeal that he abandoned the property, we observe that abandonment must be voluntary and "must in no way be attributable to the influence of extrinsic circumstances." *Barnes v. State*, 269 Ind. 76, 82, 378 N.E.2d 839, 843 (1978). Under the circumstances, we cannot say that Wilder voluntarily abandoned the merchandise.

[15] We find *Lund v. State*, 264 Ind. 428, 345 N.E.2d 826 (Ind. 1976), to be instructive. In *Lund*, the defendant was charged with robbery of Perry Murphy, but the evidence revealed the commission of attempted robbery. 264 Ind. at 430-431, 345 N.E.2d at 828. The Court observed that the evidence disclosed that "the defendant attempted an armed robbery of Murphy, an offense necessarily included in the charge of armed robbery of Murphy." *Id.* at 431, 345 N.E.2d at 828. The Court stated that "[o]ne who is charged with the commission of a crime may be convicted of an attempt to commit the charged offense, if the attempt as well as the contemplated act is itself proscribed." *Id.* at 431, 345 N.E.2d at 828-829 (citation omitted). The Court also observed that remand was not required because the completed act and the attempt were both

proscribed by the same statute, the same penalty was provided for each, and the Court, therefore, saw "no harm to the defendant that he was sentenced for armed robbery rather than for an attempted armed robbery." *Id.* at 431, 345 N.E.2d at 829. Based upon *Lund*, we cannot say that reversal is required and affirm Wilder's conviction. We remand for the limited purpose of correcting the abstract of judgment.

## *Conclusion*

[16] For the foregoing reasons, we affirm Wilder's conviction and remand.

[17] Affirmed

Riley, J., concurs.

Altice, J., concurs in result with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Howard Wilder,<br>*Appellant-Plaintiff*,<br><br>v.<br><br>State of Indiana,<br>*Appellee-Defendant*. | Court of Appeals Case No.<br>49A04-1503-CR-125 |

**Altice, Judge, concurring in result with separate opinion.**

[18]   I concur with my colleagues' ultimate decision to affirm Wilder's conviction. I also agree with the majority's analysis of Wilder's abandonment argument. I write separately, however, because I believe the State presented sufficient evidence to support Wilder's conviction for the completed robbery, not just the attempted offense.

[19] Wilder's failure to ultimately remove the merchandise from the store does not preclude his conviction for the completed robbery. As our Supreme Court has explained, asportation is an essential element of robbery, but the evidence of asportation need only establish that the property was moved a slight distance. *Nelson v. State*, 528 N.E.2d 453, 455 (Ind. 1988).

> In other words, it must appear that the property was taken from the possession of the victim into that of the robber. But the crime is consummated if the robber acquires possession of the property for even a short time, and his subsequent disposition of the property taken is immaterial.

*Id.* (quoting *Neal v. State*, 14 N.E.2d 590, 596 (Ind. 1938)). In *Nelson*, our Supreme Court found sufficient evidence of asportation where the victim threw her purse at the robber, who then rummaged through the purse before abandoning it and fleeing without removing any of its contents. *Id.* at 454-55. *See also Staton v. State*, 524 N.E.2d 6, 6-8 (Ind. 1988) (finding sufficient evidence of asportation where robber rummaged through victim's purse and dumped out contents).

[20] The evidence in this case establishes that Wilder took the merchandise into his possession by placing it under his shirt. He still had possession of the merchandise when Jackson confronted him and he began walking toward her. Although the merchandise fell to the ground when Wilder raised his shirt, Wilder's ultimate disposition of the merchandise is immaterial. Based on the above-cited case law, I would hold that the State presented sufficient evidence of asportation to support Wilder's conviction for the consummated robbery.

[21]     I would also reject Wilder's argument that he is not guilty of robbery because the taking ended before he exerted any force. As an initial matter, the State was not required to prove that Wilder actually exerted force to support the robbery conviction. It was enough if the State proved that Wilder threatened the use of force or placed Jackson in fear. *See* I.C. § 35-42-5-1. The evidence presented in this case establishes that when Jackson confronted him, Wilder began walking toward Jackson. Jackson called out to another employee for help and began backing away. Wilder continued to advance toward Jackson as he lifted his shirt, causing the concealed merchandise to fall to the floor. I believe the events that took place before Wilder dropped the merchandise were sufficient to support a finding that Wilder threatened force and/or put Jackson in fear, and it is undisputed that he was armed throughout the entire encounter. *See Kruckeberg v. State*, 377 N.E.2d 1351, 1354 (Ind. 1978) (finding sufficient evidence to support armed robbery conviction even where victim was not aware defendant was armed).

[22]     Furthermore, I would conclude that Wilder's actions in striking Jackson with the gun after he dropped the merchandise were sufficient to support a conclusion that Wilder used force in the commission of the robbery. As our Supreme Court has explained, "when the robbery and the violence are so closely connected in point of time, place, and continuity of action, they constitute one continuous scheme or transaction." *Young v. State*, 725 N.E.2d 78, 81 (Ind. 2000). In this case, Wilder dropped the merchandise mere moments before striking Jackson, and his use of force facilitated his escape from

the scene after Jackson confronted him. In my view, the taking and the use of force were so closely linked as to be deemed a single, uninterrupted transaction.

[23] I also find this court's decisions in *Cooper v. State*, 656 N.E.2d 888 (Ind. Ct. App. 2000), and *Nunley v. State*, 995 N.E.2d 718 (Ind. Ct. App. 2013), *clarified on other grounds on reh'g*, 4 N.E.3d 669, *trans. denied*, instructive. In *Cooper*, the defendant grabbed a gun out of the victim's back pocket and fled. 656 N.E.2d at 889. The victim pursued Cooper and tackled him. After a tussle, Cooper escaped with the gun. On appeal, Cooper argued that the evidence was insufficient to support his robbery conviction because the taking was not accomplished by force. This court rejected the argument, reasoning that Cooper used force in leaving the premises and the victim's presence. *Id.*

[24] In *Nunley*, the defendant was in the process of shoplifting DVDs when he was confronted by a store clerk, who stated that he was going to call the police. 995 N.E.2d at 720. Nunley, who had by that time reached a breezeway located between the interior and exterior doors of the store, turned around and walked over to the clerk, shoved him, and told him not to call the police. On appeal, Nunley argued that that the theft had been completed when he exited through the first set of doors, and that the robbery conviction could not stand because physical confrontation with the clerk was not necessary to effectuate the taking. This court rejected that argument, reasoning that "the jury could have concluded that the confrontation was not a separate incident but was directly linked to [the clerk's] questioning of Nunley, and was integral to Nunley's attempt to complete the taking." *Id.* at 721.

[25] Similarly, in *Coleman v. State*, 653 N.E.2d 481, 482 (Ind. 1995), the defendant pocketed five rolls of film at a supermarket and began to leave the store. A store manager followed Coleman just outside the store and confronted him. Coleman then pulled a knife and threatened the manager, who retreated into the store. On appeal, Coleman argued that he could not be found guilty of robbery because the theft had been effectuated before he threatened the manager. Our Supreme Court held that the conviction was supported by sufficient evidence because "Coleman could not have perfected the robbery without eluding [the manager]." *Id.* at 483.

[26] Unlike Wilder, the defendants in *Cooper*, *Nunley*, and *Coleman* all ultimately removed the property from the location where the force occurred. I do not believe, however, that the actual removal of the property in those cases was essential. After all, our Supreme Court has held that the disposition of the property taken during a robbery is immaterial. Instead, I believe that these cases stand for the proposition that the use or threat of force in the escape from the scene of the taking elevates what would otherwise be theft to robbery. That is precisely what happened here. Accordingly, I would hold that the State presented sufficient evidence to support Wilder's conviction for the completed robbery.