Robert Earl KEEBY, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00-8604-CR-334.

Supreme Court of Indiana.

Aug. 17, 1987.

Robert Earl Keeby, pro se.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of Robbery, a Class B felony, for which appellant received twenty (20) years, Kidnapping, a Class A felony, for which appellant received fifty (50) years, which was enhanced by thirty (30) years by reason of the finding of his being an habitual offender, and Criminal Confinement, a Class B felony, for which he received a term of twenty (20) years, all terms to be served concurrently.

The facts are: At approximately 2:00 p.m., on February 22, 1985, three men and a woman entered the Turtle Creek Pharmacy on Broadway in Merrillville, Indiana. The woman and at least two of the men were armed with pistols. The persons in the pharmacy were made to lie on the floor and some were bound with scotch tape, including the cashier, Doris Craig. Money was taken from the register drawer and from a cash drawer. Drugs were demanded of pharmacist Caspar Wiseman, who managed to set off a silent alarm.

While the robbery was in progress, Merrillville Police Officers arrived at the scene. When the robbers realized police officers were on the premises, they tried to escape through a back door, but found it to be

secured. One of the robbers, later identified as appellant, grabbed Dorothy Halaschak by the shirt, jerked her to her feet and using her as a shield went to the front of the pharmacy holding a pistol to Halaschak's head. When Officer Eich saw the situation, he lowered his gun and allowed appellant to pass. Once outside the building, appellant, with his hostage, went to a maroon Buick Riviera where he encountered a second Police Officer, John Shelhart. Appellant kept repeating "I'll kill her, I'll kill her." Officer Shelhart, like Officer Eich, realized the endangered situation of Halaschak and allowed appellant to depart in the vehicle. The other three robbers surrendered to Officer Eich without further violence.

Police Officer Nolan pursued appellant as he left with his hostage in the Buick Riviera. A high-speed chase ensued along 61st Street until the vehicles entered I–65. Shortly thereafter, appellant found himself boxed behind two semitrailers with Officer Nolan in close pursuit. Appellant then made a sudden right turn off the Interstate onto Ridge Road. Almost immediately thereafter appellant's Buick struck an Oldsmobile, whereupon appellant stopped his car and pushed his hostage out the passenger side. He immediately grabbed her and again used her as a shield as he unsuccessfully attempted to commandeer two vehicles. Upon finding each of the vehicles locked, he attempted to pull Halaschak up a snowbank; however, at that time she began dragging her feet and appellant dropped her. Pursuing police officers then wounded appellant with gunshots.

Appellant first claims he was denied his constitutional rights in that he was prosecuted by information rather than by grand jury indictment. Appellant cites the Fifth Amendment of the United States Constitution for his authority. It is well established that the constitutional requirement for use of a grand jury in felony cases applies only to prosecutions by the Federal government and does not apply to State prosecutions. *Hurtado v. California* (1884), 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed.2d 232. In Indiana, the prosecution for any crime may be initiated either by information or indictment. *Hestand v. State* (1986), Ind., 491 N.E.2d 976.

There was no error in prosecuting appellant on an information.

Appellant claims the charges in the information were false. Among other things, he argues the information was false in that it charged he "inflicted serious bodily injury" on Halaschak. However, as the State correctly points out, the trial judge ruled that the State had not made a case of serious bodily injury and reduced the charge against appellant in this regard from robbery, a Class A felony, to robbery, a Class B felony, and sentenced appellant accordingly. As far as the other allegations in the information are concerned, it was the province of the jury to make the determination of the truth or falsity of the allegations based upon the evidence submitted by the State. This they did. This Court will not reweigh the evidence nor judge the credibility of the witnesses. *Young v. State* (1986), Ind., 493 N.E.2d 455.

Appellant contends there is no evidence of robbery. The evidence is clear that Doris Craig, the cashier in the pharmacy, was first lured from her post by one of the robbers, who asked her to find scotch tape. At that point, she was forced to the floor and her hands taped behind her. During that period, she heard the sound of the cash register being opened. There is no question but what one of the robbers removed cash from the cash register. Inasmuch as the four robbers were working in concert, each was criminally liable for all of the acts done by his confederates. *Johnson v. State* (1986), Ind., 490 N.E.2d 333.

Appellant claims there was no evidence of kidnapping. He bases this upon his statement that he did not demand a ransom or reward for the release of Halaschak. He therefore reasons that no kidnapping took place. He of course is in error in this regard. Ind.Code § 35–42–3–2(b)(4), among other things, defines kidnapping as taking a person "with intent to use

the person removed as a shield or hostage." It is abundantly clear from the evidence in this case that this is precisely what appellant did.

■ Appellant claims there is no evidence of confinement in this case. Both Shirley Murphy and Craig were forced to lie on the floor and were bound by the robbers. There is no question that this activity constituted confinement. Ind.Code § 35–42–3–2(b)(4).

■ Appellant next claims he was denied his constitutional rights in that no preliminary hearing was held in his case. To support this contention, he cites Fed.R. Crim.P. 5.1(a). Here again appellant confuses the Federal practice with State practice. The hearing required in Indiana is the omnibus hearing prescribed in Ind.Code § 35–36–8–1, which was held in this case.

There was no denial of appellant's constitutional rights in this regard.

■ Appellant next contends he was denied his constitutional rights in that he was unable to obtain depositions of witnesses on his own behalf or of hostile witnesses. However, the record clearly indicates that appellant's trial counsel did in fact take depositions of witnesses and did in fact cross-examine the State's witnesses based upon the depositions he was able to obtain. We see no merit whatever in appellant's contention in this regard.

■ Appellant next claims he was prejudiced in that the prosecutor gave damaging information to the local news media prior to his trial, thus causing prejudice in the community against him. Appellant's attorney did in fact claim prejudice and moved the court for change of venue based upon local prejudice; however, appellant cites us to no evidence in this record of such prejudicial information and we find none. In order to obtain a change of venue based upon prejudice in the community, it is incumbent upon a defendant to show such evidence. After entertaining appellant's motion for change of venue, the trial judge denied the same. This was within his sound discretion in the absence of any evidence to show that he violated such discre-

tion. *Sloan v. State* (1986), Ind., 496 N.E.2d 401. We see nothing in this record to indicate abuse of the trial court's discretion.

■ Appellant next claims his trial counsel was incompetent. He first contends he was incompetent because he did not demand a grand jury indictment rather than an information. This issue has been dealt with previously in this opinion. He next claims his counsel was incompetent because he failed to take depositions of witnesses. This is untrue as clearly demonstrated by this record. We see nothing in this record to indicate incompetence on the part of trial counsel. Counsel conformed to the standard set forth by the Supreme Court of the United States in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

■ Appellant next claims he was deprived of his right to a speedy trial. Trial counsel did file a motion for relief under Ind.R.Cr.P. 4(A) showing that the trial date of September 9, 1985, was somewhat more than six months after the arrest on February 27, 1985. However, the relief provided under Ind.R.Cr.P. 4(A) is a release from jail while awaiting trial. Any error in denying a request for an end to incarceration does not establish a right to discharge under the six months rule. *Fryback v. State* (1980), 272 Ind. 660, 400 N.E.2d 1128.

■ Appellant claims the State failed to disclose or permit the defense to examine alleged evidence against him. He bases this claim upon the fact that when items were introduced into evidence, Police Officer Christoff testified that said items had been under his "continous custody" and that they had been sealed and placed in the evidence locker in the police department from the time of the robbery until the time of the trial. He thus claims by so doing the police department deprived his counsel of the opportunity to examine the exhibits. No such claim was made during the trial nor was there any objection on that basis to the introduction of any of the evidence. *Smith v. State* (1985), Ind., 475 N.E.2d 1139. The statements made by Officer

Christoff were for the purpose of establishing the chain of custody and bore no connection to any lack of ability of appellant to discover evidence against him.

Appellant next claims the trial court erred in permitting the testimony of his accomplice, Kimberly Brown, for the reason that Brown had been given a plea agreement in exchange for her testimony, wherein she received an eight (8) year sentence while he received an eighty (80) year sentence. In fact he points out that all three of his accomplices received eight (8) year sentences. He therefore takes the position that he was discriminated against and that the use of Brown's testimony was improper.

 There is a great deal of difference between the activities engaged in by the accomplices and those engaged in by appellant. Although the accomplices entered for the purpose of perpetrating a robbery, when police officers appeared upon the scene the accomplices quickly surrendered and caused no further harm. Appellant, on the other hand, jeopardized the life of his hostage and the lives of the officers involved as well as persons using the highways over which he attempted to escape. In addition, appellant was found to be an habitual offender. We see nothing in the plea bargain entered into by Brown which would render her testimony inadmissible nor do we see any unjustified disparity between the sentences imposed.

 Appellant claims there was jury misconduct in that the jury foreman, Hector Marin, was seen in the prosecuting attorney's office during a recess of appellant's trial. However, this fact was brought out by the prosecuting attorney during the trial and it was immediately determined that Marin had entered the prosecutor's office to obtain verification to show his employer that he would be required to transport his son to court in an entirely unrelated matter at a future time. He needed this information to supply his employer in order to get off work for that purpose. It was clearly demonstrated that his presence in the prosecuting attorney's office had nothing whatsoever to do with

the case at bar, and Marin testified that nothing that occurred there would interfere with his ability to deliberate fairly in appellant's case. There is no showing of prejudice which would justify a mistrial in this matter.

 Appellant claims the Indiana habitual offender statute violates the United States Constitution, Art. I, Sec. 9, Cl. 3, which prohibits bill of attainder or *ex post facto* law. This question has been raised many times in this and other jurisdictions. It has been consistently held that the Indiana habitual offender statute does not provide for a second offense, but establishes a status of a defendant which provides for an enhanced sentence for the instant felony. Thus it does not violate the proscriptions of the constitution. *Marsillett v. State* (1986), Ind., 495 N.E.2d 699.

We find no reversible error in this case. The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.