Mark Burton NELSON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49S00–8706–CR–597.

Supreme Court of Indiana.

Sept. 21, 1988.

William F. Thoms, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Mark Burton Nelson was tried in Marion County Superior Court, Criminal Division and found guilty by a jury on March 4, 1987 of Felony Murder, a class A felony; Robbery, a class A felony; and two counts of Confinement, class B felonies. The trial court subsequently sentenced Nelson to a term of forty (40) years for the felony murder conviction and ten (10) years for each of the remaining counts, all sentences to be served concurrently.

The only issue raised by Nelson in this direct appeal is sufficiency of the evidence to sustain all four convictions.

The facts show that on the evening of July 21, 1986, Darrell Stovall and Bryan Croft went out for dinner and drinks after work and met two women, Beth Greene and Judy Collier, at the Bombay Bicycle Club. They had several drinks together. When Croft and Collier eventually left, Stovall and Greene went to another bar and had a few more drinks. They made a date for the next evening and then parted, each in their own vehicle, with Beth Greene leading the way out of the driveway of the Dillon Inn. Beth Greene noticed two cars approaching her from the rear at high rates of speed. She noticed one in particular that went around her from which she could hear loud music and loud talk from three men in the car. Before entering the intersection she stopped and went back to Stovall's vehicle to ask him if he was sure he knew how to get home from there, and indicated she would help lead him if he needed direction.

As she was there at his car window, Greene was grabbed from behind by one of the men from the automobile that had passed her and stopped nearby. He put his right hand over her mouth and face but she still could see between his fingers and he dragged her back to her automobile. She saw two other men near Stovall's car, one on each side of the car. The driver's side of Stovall's car was open and it appeared he was trying to get out of the car but was forced back in. She heard a gun shot at that time but it is not clear whether or not she saw a gun in the hands of one of them. Greene said she either was knocked out or passed out for a very short time and then regained consciousness, finding herself lying on her back in the backseat of her own vehicle with her legs hanging out of the open door and Nelson leaning over her in a threatening manner. He would not allow her to get up from the seat and told her to shut up and not look and she would be all right. She had her purse near and grabbed it and threw it to him. He grabbed the purse and rummaged through it. At that time the automobile containing the two other men started moving away, the men yelling to Nelson to come on, they had to get out of there. Nelson then abandoned the purse on the floor of Greene's automobile, jumped in the other vehicle and left with the other two men. Greene then ran screaming to a nearby restaurant for help. Police came very shortly and found Stovall near his vehicle in critical condition from a gunshot wound. Stovall later died from the gunshot wounds which were determined to have probably been inflicted while he was sitting in the car.

Evidence from Nelson's family was that later that week after reading a newspaper article about the killing, he told his father and brother he was involved in the incident and needed money. His brother gave him some money and Nelson subsequently fled to California but later returned and surrendered to police. Beth Greene was able to positively identify Nelson in a lineup and at trial but further stated she doubted he was the one who had done the shooting since he was dragging her away at the time she heard the gunshot.

Nelson contends his felony murder conviction cannot stand because the elements of the underlying felony, the robbery of Beth Greene, were not sufficiently established. He claims there was no evidence anything of value was taken from Greene nor was there evidence of anything being taken from her through violence or fear. With respect to the criminal confinement convictions involving Beth Greene and Darrell Stovall, Nelson claims there was no evidence he used a gun to confine either of them. In reviewing a sufficiency of evidence issue, we do not reweigh the evidence nor judge the credibility of witnesses and will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. When there is substantial evidence of probative value to support the conviction, the finding of the trier of fact will not be disturbed. *Freeman v. State* (1987), Ind., 510 N.E.2d 1338, 1338.

 Nelson does not deny he was there and took part in the incident to the extent Beth Greene testified. We are not told who the other two men were nor their reason or motive for targeting Darrell Stovall to be killed. A reasonable inference to

be drawn from all the evidence presented is that these three men conspired to accost and kill Stovall as he sat in his automobile trapped in a line of traffic. This they did with deliberation. It is obvious Greene approached the vehicle to talk to Stovall at the very time they were approaching Stovall's vehicle, necessitating Nelson's dragging her from the scene so the other two could accomplish the mission. When persons act in concert to commit a criminal act, each is criminally liable for the acts committed by the others. *Keeby v. State* (1987), Ind., 511 N.E.2d 1005, 1007; *Slone v. State* (1986), Ind., 496 N.E.2d 401, 406. Although it appears Nelson is not the one who fired the shot that killed Stovall, under the law he is just as responsible for that act by one of his accomplices as if he had actually committed the act himself. Greene was able to observe the attack on Stovall by the other two men when he tried to exit his vehicle and was forced to remain in it. Greene also heard a gunshot. She did not know the motives of these men. When she found herself being forced to remain in the back seat of her own vehicle and then heard the gunshot from Stovall's automobile, she was extremely fearful and threw her purse in Nelson's direction. He grabbed the purse and was rummaging through it at the time his accomplices told him they had to leave. Nelson then dropped the purse on the floor of the car without taking anything. There is evidence from which the jury could find Nelson took possession of the purse and its contents from Greene by violence and by putting her in fear.

Nelson further argues there was no showing of asportation since he did not remove any of the contents of the purse and take it with him. Asportation is an essential element of robbery. However, the evidence of asportation need show only the item was moved a slight distance. *Hunter v. State* (1986), Ind., 492 N.E.2d 1067, 1071; *Neal v. State* (1938), 214 Ind. 328, 14 N.E.2d 590.

To constitute robbery there must be an asportation. In other words, it must appear that the property was taken from the possession of the victim into that of the robber. But the crime is consummated if the robber acquires possession of the property for even a short time, and his subsequent disposition of the property taken is immaterial.

*Neal*, 214 Ind. at 341, 14 N.E.2d at 596. The jury heard the evidence as it has been described above and were justified in finding Nelson perpetrated the acts of robbery against Greene in concert with his accomplices in the killing of Stovall.

We note *sua sponte* that since robbery was the underlying felony in the felony murder conviction, it was improper to find Nelson guilty of robbery and to sentence him for it. The robbery conviction and sentence should be stricken.

Nelson also challenges the sufficiency of the evidence supporting his two confinement convictions. The evidence established beyond a reasonable doubt that Stovall was confined in his automobile by Nelson's two accomplices. This was accomplished by the use of the handgun. Stovall was shot and killed with that handgun. Since Nelson was acting in concert with his two accomplices, he was guilty of confinement to the same extent as they. *Keeby*, 511 N.E.2d at 1007; *Slone*, 496 N.E.2d at 406. The same is true of his confinement of Greene. It is clear he confined Greene in her own automobile to make it possible for his two accomplices to accomplish the mission of all three of them, that is, the killing of Stovall. One of them used the handgun to accomplish this mission. It was not necessary Nelson also have a handgun in his possession. It was sufficient to show the confinement was committed while at least one of the perpetrators was armed.

This cause is remanded to the trial court for the purpose of correcting its sentencing order by striking the conviction and sentence for robbery. The trial court is in all other respects affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.