## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 10 2018, 10:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James A. Edgar
J. Edgar Law Office, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Henry Robinson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 10, 2018<br><br>Court of Appeals Case No.<br>18A-CR-100<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Mark D. Stoner, Judge<br><br>The Honorable Jeffrey Marchal, Magistrate<br><br>Trial Court Cause No.<br>49G06-1610-F3-40219 |

**Pyle, Judge.**

# Statement of the Case

Henry Robinson ("Robinson") appeals his conviction, following a jury trial, for Level 3 felony armed robbery.[1]  Robinson argues that: (1) the trial court committed fundamental error by admitting the testimony of a detective; and (2) there was insufficient evidence to support his conviction.  Finding that the trial court did not commit fundamental error and that there was sufficient evidence to support Robinson's conviction, we affirm his conviction.

We affirm.

# Issues

1. Whether the trial court committed fundamental error by admitting the testimony of a detective.

2. Whether there was sufficient evidence to support Robinson's conviction.

# Facts

On October 5, 2016, Kamran Ahmed ("Ahmed") was working at a Marathon gas station convenience store.  Ahmed was operating the cash register and his co-worker, Drahamane Toure ("Toure"), was outside cleaning the parking lot.  Robinson approached the register to purchase several items.  Ahmed attempted to process Robinson's credit card as payment, but the card was declined.

---

[1] IND. CODE § 35-42-5-1.

Ahmed swiped the card two more times, and it was declined both times. The cash register printed a declined receipt for each of the three swipes, and Ahmed showed each declined receipt to Robinson. During this time, Robinson's credit card was not charged. Robinson then left the store.

[4] Toure, Ahmed's co-worker, observed Robinson come out of the convenience store and walk to a truck parked by a pump. Robinson removed a shotgun from the truck and reentered the store. He pointed the shotgun at Ahmed and said, "Give me the money. Give me my money." (Tr. 46). Ahmed stood behind the counter, and Robinson grabbed a tower of lighters, boxes of cigars, and t-shirts from the store. Robinson also took Ahmed's cell phone that was sitting beside the cash register. Neither the store merchandise nor Ahmed's phone was ever recovered. A woman then entered the store and commanded Robinson to leave. The convenience store cameras caught the entire incident on surveillance video.

[5] Detective Brent Hendricks ("Detective Hendricks") from the Indianapolis Metropolitan Police Department ("IMPD") was assigned to investigate the incident. During his investigation, Detective Hendricks reviewed the surveillance video, spoke with Toure and Ahmed, and developed Robinson as a suspect. Detective Hendricks also learned that Robinson leased a building and ran a makeshift convenience store. Detective Hendricks obtained a search warrant and searched Robinson's convenience store. Among the limited items found at his convenience store were a box of cigars and a tower of lighters.

Both of these items matched the items taken from the Marathon convenience store.

[6] On October 12, 2016, the State charged Robinson with Level 3 felony armed robbery. The case proceeded to a jury trial on November 29, 2017. The State called Ahmed, Toure, and Detective Hendricks as witnesses, and they testified to the facts above. On direct examination, Detective Hendricks testified about his position with IMPD and about his investigation. He stated that he was a detective sergeant in the robbery and aggravated assault division of IMPD. When discussing the fact that Robinson took Ahmed's cell phone when he robbed the store, Detective Hendricks testified, without objection, that "a lot of times, a suspect, when they take a cell phone, they do that to prevent the person from calling the police." (Tr. 80). The jury returned a guilty verdict. Thereafter, the trial court sentenced Robinson to five (5) years for the Level 3 felony armed robbery conviction. The trial court ordered the sentence to be served in the Department of Correction. Robinson now appeals.

# Decision

[7] On appeal, Robinson argues that: (1) the trial court committed fundamental error by admitting certain testimony of Detective Hendricks; and (2) there was insufficient evidence to support his conviction. We will review each argument in turn.

### 1. Admission of Evidence

[8] Robinson argues that the trial court committed fundamental error by admitting certain testimony from Detective Hendricks. Specifically, Robinson challenges one statement made by the detective during direct examination and argues that his statement was an opinion as to his intent that should have been excluded from evidence under Indiana Evidence Rule 704(b).

[9] Before we address Robinson's argument, we note that our appellate rules require that each contention made in the argument section of an appellant's brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning." Ind. Appellate Rule 46(A)(8)(a). This means that an appellant's argument section "must be supported by citations to the authorities, statutes, *and* the Appendix or parts of the Record on Appeal relied on." *Id*. (emphasis added). Robinson, however, has failed to satisfy Indiana Appellate Rule 46's requirement of providing a cogent argument supported by citation to authority. This failure hinders our review and results in waiver of appellate review of this issue. *See Foutch v. State*, 53 N.E.3d 577, 580 n.1 (Ind. Ct. App. 2016) (waiving a defendant's argument where he failed to provide a cogent argument).

[10] Waiver notwithstanding, we disagree with Robinson's contention that the trial court erred when it allowed certain testimony from Detective Hendricks. Generally, a trial court's ruling on the admissibility of evidence is reviewed for an abuse of discretion. *Hape v. State*, 903 N.E.2d 977, 991 (Ind. Ct. App. 2009), *trans. denied*. We will reverse a trial court's decision only if it is clearly against the logic and effect of the facts and circumstances of the case. *Id*. Even if the

decision was an abuse of discretion, we will not reverse if the admission of evidence constituted harmless error. *Id*.

[11] Robinson acknowledges that he did not object to the testimony at trial. His failure to object to the testimony results in waiver of any argument regarding its admissibility. *See Hoglund v. State*, 962 N.E.2d 1230, 1239 (Ind. 2012) ("Failure to object at trial waives the issue for review unless fundamental error occurred."), *reh'g denied*. Robinson recognizes this procedural default and argues that the admission of the testimony constituted fundamental error.

[12] "The fundamental error exception is extremely narrow[ ] and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Mathews v. State*, 849 N.E.2d 578, 587 (Ind. 2006) (internal quotation marks omitted). "Harm is not shown by the fact that the defendant was ultimately convicted; rather harm is found when error is so prejudicial as to make a fair trial impossible." *Hoglund*, 962 N.E.2d at 1239. "Fundamental error is meant to permit appellate courts a means to correct the most egregious and blatant trial errors that otherwise would have been procedurally barred, not to provide a second bite at the apple for defense counsel who ignorantly, carelessly, or strategically fail to preserve an error." *Ryan v. State*, 9 N.E.3d 663, 668 (Ind. 2014), *reh'g denied*.

[13] Robinson asserts, that under Indiana Evidence Rule 704, the court should not have allowed Detective Hendricks to testify that "a lot of times, a suspect, when

they take a cell phone, they do that to prevent the person from calling the police." (Tr. 80). Robinson argues that Detective Hendricks' testimony was an impermissible opinion regarding his intent when taking Ahmed's cell phone. Indiana Evidence Rule 704 provides:

> (a) In General–Not Automatically Objectionable. Testimony in the form of an opinion or inference otherwise admissible is not objectionable just because it embraces an ultimate issue.
>
> (b) Exception. Witnesses may not testify to opinions concerning intent, guilt, or innocence in a criminal case; the truth or falsity of allegations; whether a witness has testified truthfully; or legal conclusions.

[14] "Indiana Evidence Rule 704(a) generally allows witness opinion testimony to 'embrace' an ultimate issue – but as a matter of constitutional right, only a jury may *resolve* an ultimate issue." *Williams v. State*, 43 N.E.3d 578, 580 (Ind. 2015). "And Evidence Rule 704(b) explicitly prohibits, in criminal cases, witness opinions concerning the ultimate issue of guilt. *Id*.

[15] Turning to Robinson's challenge to the admission of Detective Hendricks' direct examination testimony, we conclude that he has failed to meet his burden of showing fundamental error. On direct examination, Detective Hendricks testified that "[Ahmed's] cell phone was missing. And a lot of times, a suspect, when they take a cell phone they do that to prevent the person from calling the police. So they will dump it." (Tr. 80). We observe, as the State points out, that Detective Hendricks did *not* testify that Robinson's intent had been to rob Ahmed of his cell phone to prevent him from calling the police. Rather, he testified generally that, based on his experience and training as a robbery and aggravated assault detective sergeant, it was not unusual for robbers to take a

cell phone because they want to prevent the victim from calling the police. If opinion testimony is general and does not conclusively tie the defendant to the crime, it is permissible. *See Julian v. State*, 811 N.E.2d 392, 400 (Ind. Ct. App. 2004), *trans. denied*. Further, some witnesses may possess knowledge that does not reach the level sufficient to have them declared an expert witness, but their knowledge is beyond that of an ordinary juror. INDIANA EVID. R. 701; *Kubsch v. State*, 784 N.E.2d 905. 922 (Ind. 2003). As such, they are permitted to give an opinion based on their personal knowledge under Indiana Evidence Rule 701 as a skilled witness. *Id.* In order for a skilled witness to give their opinion, it only needs to be shown that they have enough knowledge to make the opinion helpful to a clear understanding of the witness's testimony or the determination of a fact in issue. EVID. R. 701. Because Detective Hendricks' testimony made no specific statements declaring Robinson's intent, the testimony was not excluded under Indiana Evidence Rule 704(b) and was admissible under Rule 701.

[16] Indeed, even if the trial court had erred in admitting the testimony, any "error[ ] in the admission of evidence [is] to be disregarded unless [it] affect[s] the substantial rights of a party." *Hoglund*, 962 N.E.2d at 1238. "The improper admission [of evidence] is harmless error if the conviction is supported by substantial independent evidence of guilt satisfying the reviewing court there is no substantial likelihood the challenged evidence contributed to the conviction." *Id.* Additionally, "'[a]ny error in the admission of evidence is not prejudicial, and [is] therefore harmless, if the same or similar evidence has been

admitted without objection or contradiction.'" *Id*. (quoting *McCovens v. State*, 539 N.E.2d 26, 30 (Ind. 1989)).

[17] Here, there was substantial evidence apart from the detective's general direct examination testimony that leads us to conclude that there is no substantial likelihood the challenged evidence contributed to the conviction. Robinson's guilt is established by Ahmed's and Toure's eyewitness testimony presented at trial and the surveillance video showing him robbing the gas station at gunpoint. Robinson has failed to show how the admission of the detective's direct examination testimony made a fair trial impossible. Thus, we conclude that the trial court did not commit any error, fundamental or otherwise.

**2. Insufficient Evidence**

[18] Robinson next argues that the State presented insufficient evidence to support his conviction for Level 3 felony armed robbery. Our standard of review for sufficiency of evidence claims is well-settled. We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We consider only the probative evidence and reasonable inferences supporting the verdict. *Id*. Reversal is appropriate only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*. "When reviewing the sufficiency of evidence establishing the elements of a crime — including the intent element — we consider only the evidence supporting the verdict along

with any reasonable inferences drawn from that evidence." *Heavrin v. State*, 675 N.E.2d 1075, 1079 (Ind. 1996), *reh'g denied*.

[19] In order to convict Robinson of Level 3 felony armed robbery as charged, the State was required to prove beyond a reasonable doubt that "on or about October 5, 2016, Robinson did knowingly take property, to-wit: retail merchandise/tobacco products and/or a cellular telephone from another person or the presence of another person, to wit: Ahmed, by using force or threatening to use force, to wit: by brandishing and pointing a shotgun at Ahmed and taking said property from the presence of Ahmed while armed with a deadly weapon." (App. 24). *See also* I.C. § 35-42-5-1(a).[2] A person engages in conduct "knowingly" if he "is aware of a high probability that he is doing so." I.C. § 35-41-2-2(b).

[20] On appeal, Robinson's argument that there was insufficient evidence to sustain his conviction has two components. First, he argues that the State failed to show that he intended to take property. Alternatively, he argues that "the State failed to show that [he] actually carried away any property from the store." (Robinson's Br. 7).

[21] Because intent is a mental function, absent an admission by the defendant, it must be determined from a consideration of the defendant's conduct and the

---

[2] We note that the robbery statute was amended after the commission of Robinson's offense. This amendment, however, did not change the part of the statute relevant to Robinson's offense.

natural and usual consequences thereof. *Metzler v. State*, 540 N.E.2d 606, 609 (Ind. 1989). As a result, jurors "must usually resort to reasonable inferences based upon an examination of the surrounding circumstances to determine whether, from the person's conduct and the natural consequences that might be expected from that conduct, a showing or inference [of] the intent to commit that conduct exists." *Id*.

[22] Here, the evidence presented at trial shows that Robinson's credit card was declined three times. He left the store and reentered, armed with a shotgun, and pointed it at Ahmed. Robinson demanded that Ahmed, "Give me the money. Give me all my money." (Tr. 46). Robinson then took a tower of lighters, boxes of cigars, t-shirts, and Ahmed's cell phone and left the store. None of these items were ever recovered. The jury could reasonably infer from Robinson's conduct and the natural consequences expected from that conduct that he intended to take property from the presence of another person.

[23] Turning to Robinson's second argument, he acknowledges that he "briefly possessed merchandise and a cell phone," but contends that "it cannot be concluded that [he] carried any property away from the premises." (Robinson's Br. 11, 13). It is true that without the taking of property, "and no evidence from which to draw an inference that the property was taken, there can be no conviction for robbery." *Grace v. State*, 731 N.E.2d 442, 445 (Ind. 2000), *reh'g denied*. As our supreme court has explained, "taking" the victims property is an essential element of robbery, but the evidence of the "taking" need only

establish that the property was moved a slight distance. *Nelson v. State*, 528 N.E.2d 453, 455 (Ind. 1988).

> In other words, it must appear that the property was taken from the possession of the victim into that of the robber. But the crime is consummated if the robber acquires possession of the property for even a short time, and his subsequent disposition of the property taken is immaterial.

*Id.* (quoting *Neal v. State*, 14 N.E.2d 590, 596 (Ind. 1938)).

[24] In this case, the evidence establishes that Robinson reached behind the counter and took a stand of lighters, boxes of cigars, and Ahmed's cell phone into his possession for the duration of the robbery. *See Coleman v. State*, 653 N.E.2d 481, 482 n.1 (Ind. 1995) (a store clerk or manager is considered to be in lawful possession of the store's goods for purposes of theft related crimes, such as robbery). While one employee described Robinson as dropping some items, Ahmed unequivocally testified that Robinson left the store with a stand of lighters, boxes of cigars, Ahmed's cell phone, and several t-shirts. Detective Hendricks also testified that an identical tower of lighters and box of cigars were discovered in Robinson's convenience store. Robinson's contention that the State did not establish that he actually carried property away from the store must fail. Robinson's sufficiency challenges to the State's evidence are merely requests to reweigh the inferences made by the jury and its determination of witness credibility. We deny this request. *See Drane*, 867 N.E.2d at 146. Accordingly, we find that the State presented sufficient evidence, and we affirm that trial court's Level 3 felony armed robbery conviction.

[25] Affirmed.

Najam, J., and Crone, J., concur.